IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANGELA IVESTER; and CHARLES IVESTER, | § | No. 1:26-CV-1023-DAE |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | |
| | § | |
| MILLION AIR AUSTIN, LLC; and SOVEREIGN SKIES, LLC, | § | |
| | § | |
| *Defendants*. | § | |

ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS

The matter before the Court is Million Air Austin, LLC's ("Defendant" or "Million Air") Partial Motion to Dismiss (Dkt. # 12) Angela Ivester's and Charles Ivester's (collectively, "Plaintiffs") Amended Complaint ("Complaint") (Dkt. # 8), pursuant to Rule 12(b)(6).[1] Defendant filed the instant Motion on May 22, 2026. (Dkt. # 12.) On May 27, 2026, Plaintiff filed a Response in Opposition. (Dkt. # 15.) On June 3, 2026, Defendant filed its Reply. (Dkt. # 16.) The Court finds this matter suitable for disposition without a hearing.

[1] Plaintiffs have also joined Sovereign Skies LLC as a Defendant in this action. (See Dkt. # 8.) Sovereign Skies answered the Complaint (Dkt. # 17), and it did not join Million Air's Partial Motion to Dismiss. (See Dkt. # 12.)

After careful consideration of the filings and relevant law, for the reasons that follow, the Court **DENIES** the Motion to Dismiss (Dkt. # 12).

BACKGROUND

Plaintiffs are spouses who reside in Utah. (Dkt. # 8 at 1.) In the mid-morning of March 29, 2026, however, they were in Austin, Texas. At approximately 10:15 a.m., Plaintiffs allege that they were "lawfully present" in a facility owned and operated by Million Air at Austin-Bergstrom International Airport when a business jet bearing the registration N15KJ suddenly powered its engines. (Id.) As Defendant's agents "were actively marshalling the aircraft," Plaintiffs contend they were permitted to cross the facility and stood behind and to the side of the aircraft's engine. (See id. at 1–2.) Plaintiffs aver that "the aircraft's engines powered to a dangerous thrust level" and "the resulting jet blast created an extreme and violent force wave" that "physically lifted [Angela Ivester] from the ground and violently thr[ew her] across the pavement." (Id. at 2.) Plaintiff Angela Ivester identifies over a dozen distinct physical injuries that she suffered as a result of the incident. And Plaintiff Charles Ivester alleges that he suffered "physical injury and other damages arising from the occurrence," (Id.)

Based on these events, Plaintiffs bring negligence and gross negligence claims against both Defendants. (Id. at 5, 8.) They also bring claims

for premises liability and, in the alternative, negligent activity against Million Air. (Id. at 6–7.)

The instant Motion to Dismiss concerns only Plaintiffs' general negligence claim and their alternative claim for negligent activity claim against Million Air. (Dkt. # 12 at 1.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." When analyzing a motion to dismiss for failure to state a claim, the Court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). The Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (quoting Tellabs Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. at 555–56; cf., e.g., Lowy v. Daniel Def., LLC, 167 F.4th 175, 193 (4th Cir. 2026) ("Plaintiffs are not required to prove their case in the complaint." (citation modified)).

In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See Twombly, 550 U.S. at 556–57. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the

parties and the court." Twombly, 550 U.S. at 558 (citation omitted). However, "a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011) (quoting Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009)). And, when a 12(b)(6) motion is granted, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

## DISCUSSION

### I. The Parties' Arguments

#### A. Defendant

Million Air moves to dismiss Plaintiffs' claim on the grounds that Texas law does not permit a plaintiff to recover under theories of both negligence and premises liability. (See generally Dkt. # 12.) Specifically, Defendant cites Texas Supreme Court precedents that prevent plaintiffs from recovering on theories of negligence *and* premises liability for the same injury. (See id. at 2 (citing Union Scaffolding, Inc. v. Levine, 537 S.W.3d 463, 471 (Tex. 2017) (internal citation omitted)).) It also identifies authorities from the Fifth Circuit that have construed this rule of Texas law. (See id. at 2–3 (citing Austin v. Kroger Tex. L.P., 746 F.3d, 191, 196 (5th Cir. 2014).)

B. Plaintiffs

Plaintiffs counter that the rule restricting a party's recovery to either negligence or premises liability, but not both, does not overcome Federal Rule of Civil Procedure 8(d), which expressly allows for alternative pleading. (See Dkt. # 15 at 3.) Plaintiffs further explain that because "[d]iscovery has not yet occurred, . . . the precise operational roles of Million Air personnel, marshalling activities, aircraft startup procedures, and pedestrian coordination remain uniquely within Defendants' possession and control." (Id.) Even if they could not submit both theories to a jury, Plaintiffs argue, both Texas substantive law and the Federal Rules of Civil Procedure allow them to access discovery materials to prove either or both. (See id. at 3–4.)

II. Governing Law

As a threshold matter, this case invokes the Court's diversity subject matter jurisdiction under 28 U.S.C. § 1332. (See Dkt. # 8.) Accordingly, Texas substantive law controls. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 437 (2010). Accordingly, the Court must "look to the decisions of the Texas Supreme Court . . . to determine matters of Texas law." Palmquist v. Hain Celestial Grp., Inc., 103 F.4th 294, 306 (5th Cir. 2024) (citing Primrose Operating Co. v. Nat'l

Am. Ins. Co., 382 F.3d 546, 564–65 (5th Cir. 2004)), aff'd and remanded, 607 U.S. 421 (2026).

Under Texas law, "a person injured on another's property may have either a negligence claim *or* a premises-liability claim against the property owner." Occidental Chem. Corp. v. Jenkins, 478 S.W.3d 640, 644 (Tex. 2016) (emphasis added) (citing Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992)). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply[, but w]hen the injury is the result of the property's condition rather than an activity, premises-liability principles apply." Id. "An owner who creates a dangerous condition on its own property has breached no duty of care unless and until the owner exposes certain people to the danger." Id. at 646.

"[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." Del Lago Partners, Inc. v. Smith, 307 S.W.3d 762, 776 (Tex. 2010) (footnotes omitted). "In a negligent-activity case, a property owner or occupier must 'do what a person of ordinary prudence in the same or similar circumstances would have . . . done.'" United Scaffolding, 537 S.W.3d at 471 (quoting Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d

749, 753 (Tex. 1998) (citation modified)). "Generally, a plaintiff need only submit a general-negligence question in support of its claim for a defendant's liability under a negligent-activity theory." Id. at 471. This includes "the existence of a duty, a breach of that duty, and damages proximately caused by the breach." W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005) (citing Doe v. Boys Clubs of Greater Dall., Inc., 907 S.W.2d 472, 477 (Tex.1995)). "[A] negligent-activity claim requires contemporaneous action," and a delay as short as thirty minutes is enough to render an action *not* contemporaneous. JMI Contractors, LLC v. Medellin, 738 S.W.3d 775, 786 (Tex. 2026) (citing Keetch, 845 S.W.2d at 264).

III. The Federal Rules of Civil Procedure Control the Pleadings in this Case

As a threshold matter, the Court concludes that Plaintiff's alternative theories may proceed because the Federal Rules of Civil Procedure control in federal court. See Fed. R. Civ. P. 1. Rule 8 allows for alternative pleading. See Fed. R. Civ. P. 8(d). This is so regardless of whether a plaintiff's claims arise in diversity under state substantive law or implicate federal questions. See 28 U.S.C. § 1652; Hanna v. Plumer, 380 U.S. 460, 463 n.3 (1965). And, as the Supreme Court recently held in Berk v. Choy, "Rule 8 . . . determines what plaintiffs must present to the court about their claims at the outset of litigation." 607 U.S. 187, 199 (2026). "Although the Rule may have some 'practical effect on the parties' rights,' it regulates 'only the process for enforcing those rights,' not 'the rights

themselves, the available remedies, or the rules of decision.'" Id. (quoting Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 409 (2010) (plurality opinion)). Accordingly, the Federal Rules indicate that Plaintiff's alternative negligence and negligent-activity claims may proceed to discovery if they state a claim upon which relief can be granted. For the reasons discussed below, the Court concludes that Plaintiffs have done so. See infra.

Notwithstanding what the Federal Rules and federal courts interpreting them require, courts applying Texas law have not construed the bar on a Plaintiff's *recovery* on alternative theories for an injury sustained on another's premises to foreclose the plaintiff from *pleading* (and proceeding with discovery on) alternative theories. See, e.g., Aguilar v. Regal Cinemas, Inc., No. 5:20-CV-01029, 2024 WL 4341895, at *3 (W.D. Tex. Sep. 25, 2024) ("Although a plaintiff cannot recover on both causes of action for the same injury, plaintiffs may assert both as alternative theories of recovery, depending on how the actual facts develop." (citing Villareal v. Marriott Hotel Servs., Inc., No. 5:22-CV-1008, 2023 WL 4237352, at *6 (W.D. Tex. June 28, 2023) (internal citation omitted))).

Additionally, all four Texas Supreme Court "decisions critical to shaping the [premises liability] doctrine as it stands today" concerned legal decisions by trial courts at junctures far beyond the pleadings. See Medellin, 738 S.W.3d at 782 (discussing Austin v. Kroger Tex., L.P., 465 S.W.3d 193 (Tex. 2015)

(summary judgment); Occidental Chemical, 478 S.W.3d 640 (post-trial, take-nothing judgment); Sampson v. Univ. of Tex. at Austin, 500 S.W.3d 380 (Tex. 2016) (summary judgment); and United Scaffolding, 537 S.W.3d 463 (new trial)). Several federal courts have acknowledged this difference. See, e.g., Aguilar, 2024 WL 4341895, at *3; Villareal, 2023 WL 4237352, at *6.

> At the pleading stage, the actual facts may be uncertain, but they are viewed in the light most favorable to the plaintiff. Plaintiffs may appropriately plead both claims. If facts ultimately show that the claim is one for premises liability rather than negligent activity, then the plaintiff may not proceed on both claims in face of properly supported motion for summary judgment. A motion to dismiss, however, involves a much more lenient standard applicable for pleading claims.

Villareal, 2023 WL 4237352, at *6. The Court finds the Villareal court's reasoning persuasive and concludes that, owing to the stage of the instant litigation, Texas law does not preclude Plaintiffs from pursuing discovery. Cf., e.g., Medellin, 738 S.W.3d at 782 (collecting cases).

## IV. Plaintiffs Have Pleaded Negligence and Negligent-Activity Claims

Turning next to the merits of Plaintiff's claims under 12(b)(6), the four corners of Plaintiffs' Complaint present claims for negligence and negligent activity under Texas law. Although Plaintiffs concede that Million Air did not operate the aircraft whose engine they allege injured them (Dkt. # 8 at 1), their Complaint alleges, *inter alia*, that Defendant's personnel were "actively directing or coordinating aircraft movement in unsafe proximity to pedestrians," "failing to

halt or redirect aircraft operations despite unsafe conditions," "actively permitting pedestrian exposure to known jet blast hazards during ongoing aircraft operations," "failing to provide active warnings contemporaneous engine operation," "performing marshalling or ramp coordination activities," and "supervising active ramp operations." (Id. at 6–7.)

A. Negligence claim

From the above allegations, Plaintiffs have "plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *i.e.*, negligence and negligent activity. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–56. First, they have pleaded facts that permit the Court to infer that Defendant owed Plaintiffs—pedestrians in and around commercial passenger aircraft—a duty of care. See Urena, 162 S.W.3d at 550. Second, the allegation that "ramp personnel directed Plaintiffs through the area" where the jet was spooling its engines, permits the inference that Defendant breached the duty of care that it owed Plaintiffs. (Dkt.# 8 at 3); see Urena, 162 S.W.3d at 550. And, finally, Plaintiffs have plausibly alleged that Million Air's breach of duty proximately caused them damages. See Urena, 162 S.W.3d at 550. Plaintiff Angela Ivester alleges Million Air's breach resulted in her sustaining "head trauma, facial lacerations, concussion symptoms, neurological impairment, cognitive dysfunction, headaches, memory loss, brain fog, abrasions, and traumatic

injuries requiring continuing medical care." (See Dkt. # 8 at 4, 8.) Plaintiff Charles Ivester also alleges that he sustained physical injuries as a result of the jet engine blast. (See id.) His injuries are actionable as well. See Twombly, 550 U.S. at 555–56 (holding that a complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss).

B. Negligent Activity

The same allegations discussed above reflect Plaintiffs' plausible factual allegations that Million Air, its employees, and/or its agents engaged in "affirmative, contemporaneous conduct . . . that caused the [Ivesters'] injury." Del Lago, 307 S.W.3d at 776. To be sure, this affirmative conduct is distinct from the conduct at issue in a premises liability claim, where a defendant's nonfeasance implicates the "failure to take measures to make the property safe." Id. Directing pedestrian traffic in and around jet aircraft, as Plaintiffs have alleged Defendant did here, is distinct from nonfeasance cases, a paradigmatic example of which is liability for a plaintiff's slip and fall after a defendant let spilled water lie on a floor. See, e.g., Occidental Chemical, 537 S.W.3d at 472–73 (collecting cases that characterize slip and fall claims as constituting premises liability rather than negligent-activity). Accordingly, Plaintiffs have sufficiently alleged an actionable negligent-activity claim.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Partial Motion to Dismiss. (Dkt. # 12.)

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, October 13, 2026.

________________________________
David Alan Ezra
Senior United States District Judge